UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KRISTIE HILTON,<br><br>    Plaintiff,<br><br>v.<br><br>BROOKS COUNTY SCHOOLS, et. al.,<br><br>    Defendants. | Civil Action File No.<br>7:20-cv-00227-HL |

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.**

**I.   CONFIDENTIALITY ORDER**

Any designation of a document, material or information (whether written, graphic, or electronic) as being a "Confidential Document" subject to this Protective Order is intended solely to facilitate prompt discovery and the preparation for trial in the above-referenced litigation. It does not create any privilege and is subject to further order of the Court.

**II.   SCOPE OF ORDER**

This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, produced by any party to this proceeding (the "Supplying Party") to any other party (the "Receiving Party").  This Protective Order is binding upon all Parties and their counsel, including their respective affiliates, experts, consultants, representatives, employees, and others as set forth in this Protective Order.

1. Third Parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for the purposes of this Protective Order.  Counsel shall make all requests to non-parties pursuant to the procedures set forth in the Federal Rules of Civil Procedure. If a party provides the document to a third-party for case preparation purposes, such party shall inform that person of the terms and obligations of this Order.

2. The entry of this Protective Order does not preclude any party from seeking a further order of this Court.

3. This Protective Order shall not be construed to allow for global designations

of all documents as "Confidential Documents," or for the designation of documents generally available to the public as "Confidential Documents," nor documents that are otherwise available to the other party. Rather, in designating a document as a "Confidential Document," the Supplying Party shall do so in good faith based on the contents of the document or material at issue, and consistent with the provisions of this Order and rulings of the Court.

4. A party may designate documents as "Confidential Documents" in order to allow and permit the production of such materials to the other party.

5. Production under this Order is not a waiver of any existing rights of confidentiality or privilege as to the documents, which shall retain such rights as to any other requests and all third-parties unless such persons receive the documents under this Order and subject to its conditions.

### III.   PRODUCTION FOR DISCOVERY PURPOSES

  A.   <u>Authorization to Produce Employment Records</u>

Pursuant to O.C.G.A. § 20-2-210 and the Family Medical Leave Act, or other provisions of law which pertain to teachers or school employees and their personnel records, including their evaluations, instructions and discipline, the employment records of the parties and any current or prior employee of the Defendant relevant to

3

the above styled civil action are hereby authorized to be produced upon written request by counsel for the parties or the existing discovery. Personnel records of non-parties shall be designated as "Confidential Documents" and be subject to the provisions of this Order.

  B. No person receiving any designated "Confidential Document" or "Confidential Information" shall reveal the information to or discuss that information with any person who is not also entitled to receive that information under the terms of this Order. All third persons shall be shown a duly executed copy of this Order and shall agree to abide by the terms of this Order. Plaintiff's attorney shall review the "confidential" information that Defendant has agreed to produce pursuant to this order. If Plaintiff's attorney determine there are documents, forms, or information which are potentially relevant to Plaintiff's litigation and which Plaintiff's attorney needs to disclose to Plaintiff in order to assist them in the prosecution of Plaintiff's case, Plaintiff's attorney shall disclose those documents to Plaintiff on the condition that Plaintiff agrees that she will at all times maintain the confidentiality of this information and will not disclose in any manner whatsoever either the documents themselves, copies thereof, or the contents of any confidential information to anyone other than their attorneys or a member of their attorneys' staff. This prohibition specifically includes, but is not limited to, disclosure by Plaintiff of

such confidential documents to members of their family or other employees of the School District.

    C.    All counsel shall keep all Confidential Documents received under this Order, including all copies of such materials, and all summaries, extracts, and compilations thereof, within their exclusive possession and control, except as provided above and shall take reasonable steps to maintain such material in a secure manner. Except as permitted herein, no person shall have access to the forgoing material and information unless they have some other legal or authorized right of access. Furthermore, to the extent practicable, any "Confidential Documents" shall not be filed or maintained independently by the parties to whom production is made and counsel shall take such steps as reasonably necessary to maintain the confidential nature of the documents they receive.

    D.    Any person having access to material information designated "Confidential Documents" under this Order, including consultants, investigators and experts, are permitted to make copies, extracts, summaries, or descriptions of the material or information or any portion thereof as necessary for the preparation and trial of this litigation, provided however that such copies, extracts, summaries, or descriptions will themselves be treated and disclosed only pursuant to the terms of this Protective Order.

E.    The Parties are permitted to use the documents in discovery and depositions and may identify the documents or ask questions concerning such documents. Any such deposition may be designated as a "Confidential Document," and thereafter, such sections of the deposition, or the documents attached thereto which carry such designation shall be treated as a confidential document under this Order.

## IV.   FINAL DISPOSITION OF LITIGATION

Within thirty-five (35) days of final termination of this action, whether by judgment, settlement or, otherwise, upon written request from counsel for the Supplying Party, counsel for all Parties shall return to counsel for the Supplying Party all materials and all copies thereof in his/her possession that were designated by Supplying Party as "Confidential Documents" in accordance with this Order and/or, in the alternative, shall provide a written statement to counsel for the Supplying Party that all copies of such materials in his or her possession, including copies upon which any notes have been made, have been destroyed.

## V.   MODIFICATIONS

A.    Any party for good cause shown may apply to the Court for modification of this Protective Order or for waiver of the restrictions as to a specific

document or set of documents.

B.     The parties shall file a proposed amended order with the pretrial order addressing the management and use of such documents at trial.

## IV.    USING PROTECTED EVIDENCE IN MOTIONS, HEARINGS OR TRIALS

This order shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including, but not limited to, removal from the hearing location of persons not authorized by this Order.

Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the Court's rules. Specifically, if a party seeks to use information designated as Confidential under this protective order in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the Confidential Information should be filed under seal. The Court will closely scrutinize any such requests at that time, with the

7

presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this Protective Order with the following condition. Notwithstanding anything to the contrary in the foregoing Order, the Court finds that the Protective Order shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or during any hearing or trial. If a party seeks to rely upon any evidence covered by this Protective Order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery Protective Order.

Ordered this __17th__ day of _____September_____, 2021.

                                                    _s/Hugh Lawson_
                                                    Hugh Lawson
                                                    United States District Judge