IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**KRISTIE HILTON,**

    Plaintiff,

v.                                Civil Action No. 7:20-CV-227 (HL)

**BROOKS COUNTY SCHOOLS, et al.**,

    Defendants.

**ORDER**

Plaintiff Kristie Hilton initiated this lawsuit on November 11, 2020, asserting claims against Defendants Brooks County Schools and the Brooks County Board of Education for discrimination and retaliation under the Family Medical Leave Act ("FMLA"), the Pregnancy Discrimination Act, and the Americans with Disabilities Act ("ADA"). Now before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. 22). Defendants argue neither entity is a party capable of being sued under Georgia law. According to Defendants, Plaintiff's claims lie with the Brooks County School District and not the named Defendants.

Also before the Court is Plaintiff's Motion to Amend the Complaint. (Doc. 25). Plaintiff moves the Court for permission to amend her Complaint to properly identify Defendant Brooks County Schools as the Brooks County School District. Plaintiff additionally seeks to modify the factual allegations outlined in her Complaint to conform with the evidence produced during discovery.

For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' motion for judgment on the pleadings. (Doc. 22). The Court **GRANTS** Plaintiff's motion to amend. (Doc. 25). The Court **DENIES** Defendants' Motion for Leave to File Sur-Reply. (Doc. 39).

## I.  MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants move the Court for judgment on the pleadings, arguing that no set of facts can plausibly give rise to liability against Defendants as named in the Complaint. Defendants point out that Plaintiff improperly named Defendant Brooks County Schools. The entity is properly identified as the Brooks County School District. Defendants further argue that the Brooks County Board of Education is not capable of being sued under Georgia law and should, therefore, be dismissed as a party to this action.

A motion for judgment on the pleadings is properly filed "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (internal citations omitted); *Cunningham v. Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). In deciding a motion for judgment on the pleadings, the facts in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Id.*

There is no dispute that Plaintiff misidentified Brooks County Schools as a defendant. The proper defendant is the Brooks County School District. As the Court will address, Plaintiff has asserted good cause to permit an amendment to her Complaint to correct the misnomer. The Court therefore **DENIES** Defendants' motion for judgment in favor of Brooks County Schools.

However, the Court agrees that the Brooks County Board of Education is not a proper party. A county board of education, "unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued." *Cook v. Colquitt Cnty. Bd. of Educ.*, 261 Ga. 841, 841 (1992). An exception lies only "where the legislature creates a school board by an act which gives that board the capacity to sue or be sued." *Id.* (citing *Morman v. Bd. of Ed. of Richmond Cnty.*, 218 Ga. 48, 49 (1962). Such is not the case here. *See* Ga. L. 1956, p. 417 (enabling act for the Brooks County Board of Education). Accordingly, judgment on the pleadings is proper. The Court **DISMISSES** the Brooks County Board of Education as a party to this lawsuit.

## II.     MOTION TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading shall be "freely given when justice so requires." Under this rule, "leave to amend should be liberally granted when necessary in the interest of justice." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* "Substantial reasons justifying a denial

include undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001).

"Notwithstanding the Rule 15(a) principles governing a motion to amend, when a motion to amend is filed after the court has issued its scheduling order, the movant must first demonstrate good cause under Rule 16(b) before the court considers the amendment's propriety under Rule 15(a)." *Bower v. American Heart Ass'n, Inc.*, 513 F.Supp.2d 1364, 1367 (N.D. Ga. 2007); *see also Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 n.2 (11th Cir. 1988) (Rule 16 sets out the "good cause" standard for motions to amend filed after the amended pleading deadline). "It cannot reasonably be disputed that newly discovered evidence can supply the necessary good cause under Rule 16(b)(4) to enlarge an expired deadline for amending pleadings." *Allstate Ins. Co. v. Regions Bank*, No. 14-0067-WS-C, 2014 WL 4162264 at *3 (S.D. Ala. Aug. 19, 2014).

In the present case, Plaintiff seeks leave to amend based on information learned during the discovery process. While this motion for amendment comes after the deadline for amended pleadings, Plaintiff obtained new information as part of her timely served discovery requests. With specific reference to changing the party name, Plaintiff notes that Brooks County School District uses the name "Brooks County Schools" in multiple public places, including on the website, social media, and some official government applications. The record shows Plaintiff

sought to correct the defect in a timely manner by filing the present motion. Upon review of the proposed amendments to the facts in the Complaint, the Court does not find anything that would substantially alter the claims or cause a delay in the proceedings. Plaintiff merely seeks to be as precise as possible.

The Court finds no indication that Plaintiff acted with undue delay, bad faith, dilatory motive, nor that granting this motion will cause undue prejudice to the opposing party by virtue of allowance of the amendment. Plaintiff has shown good cause under Rule 16(b) and should be granted leave to amend "in the interest of justice."

### III.   CONCLUSION

The Court **GRANTS** Plaintiff's Motion to Amend the Complaint. The Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Judgment on the Pleadings. The Court also **DENIES** Defendants' Motion to File a Sur-Reply. The Plaintiff shall file her amended complaint by no later than July 13, 2022.

**SO ORDERED** this 6th day of July, 2022.

                                         **/s/ Hugh Lawson**
                                         **Hugh Lawson, Senior Judge**