**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **KRISTIE HILTON,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:20-CV-227 (HL) |
| **BROOKS COUNTY SCHOOL DISTRICT,** **d/b/a BROOKS COUNTY SCHOOLS**, | |
| Defendant. | |

**ORDER**

Before the Court is Plaintiff Kristie Hilton's Motion for Sanctions. (Doc. 31, 35).[1] Plaintiff moves the Court to impose sanctions against Defendant Brooks County School District, d/b/a Brooks County Schools ("School District") for alleged discovery violations. Specifically, Plaintiff requests the Court: (1) preclude Defendant from calling Marcus Richardson as a witness during trial; (2) direct Defendant to complete a new electronically stored information ("ESI") search, using appropriate search terms, of Defendant's relevant electronic devices, including the School Superintendent's cell phone, laptop, and desktop computer, and the School District's email server for the e-mail accounts of all key witnesses; (3) order Defendant to produce all electronic documents in native format; (4) order

---

[1] Defendant's response to Plaintiff's motion refers to Exhibit 14, which contains Plaintiff's unredacted confidential information. (Doc. 44). Defendant moves the Court to seal this document. The Court **GRANTS** Defendant's Motion to Seal. (Doc. 44).

Defendant to pay the costs for deposing Defendant's 30(b)(6) witness; (5) order Defendant to pay for the fees and costs of filing this motion; and (6) prohibit Defendant from soliciting and representing third party fact witnesses.

Upon consideration of Plaintiff's motion and amended motion, and following a hearing, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Sanctions.

## I.    BACKGROUND

Plaintiff Kristie Hilton began working as a special education teacher at North Brooks Elementary School in the Fall of 2017. Plaintiff remained in this position until April 25, 2019, when the Human Resources Director and the Special Education Director escorted her off school grounds. Plaintiff alleges Defendant unlawfully discriminated against her based on her pregnancy and her need for frequent medical leave. Plaintiff also alleges Defendant interfered with her right to take medical leave and retaliated against her for asserting her right to leave. Plaintiff filed a Complaint in this Court on November 11, 2020. (Doc. 1). Plaintiff's Complaint asserts claims under the Pregnancy Discrimination Act (PDA), the Family Medical Leave Act (FMLA), and the Americans with Disabilities Act (ADA). Her Complaint raises additional claims for breach of contract, violation of due process, and violation of the Georgia Open Records Act. Defendant filed an Answer to the Complaint on March 18, 2021. (Doc. 7).

The Court entered a Scheduling and Discovery Order on May 24, 2021. (Doc. 9). The Order established a discovery deadline of November 17, 2021. The

discovery process was fraught from the outset. The parties called on the Court numerous times to resolve conflicts regarding the production of documents and other scheduling matters. These disagreements caused delays in completing discovery, the deadline for which was extended on September 23, 2021, and again on December 21, 2021. (Docs. 19, 26).

On January 17, 2022, Plaintiff's counsel conducted the deposition of Vickie L. Reed, Ph.D., Defendant's 30(b)(6) designee. Plaintiff noticed a number of topics for Dr. Reed's deposition, including:

(1)     Description in detail of everything Defendant has done to prevent gender-based and pregnancy-based discrimination, disability discrimination, along with FMLA interference and retaliation.

(2)     All information related to steps that Defendant takes to ensure that it monitors any corrective action in the workplace to ensure that discrimination is prevented.

(3)     Information concerning complaints of discrimination of FMLA violations received by Defendant from the date of Plaintiff's employment to the present.

(Doc. 35-1, ¶¶ 10, 18, 19).

As Plaintiff's counsel began delving into these subject matters, a dispute arose between Plaintiff's counsel and Defense counsel. Plaintiff's counsel alleges Defense counsel engaged in a number of improper and sanctionable tactics. She contends Defense counsel impermissibly instructed the witness not to answer questions on the grounds of relevance and admissibility; coached the witness through his lengthy objections; and withheld pertinent documents. Plaintiff's

counsel further alleges that the 30(b)(6) deposition revealed that Defendant impaired Plaintiff's ability to seek discoverable information by incorrectly identifying key witnesses.

Tensions quickly escalated between the attorneys. Plaintiff's counsel stopped the deposition to contact the Court. Unfortunately, the Court was closed for the Martin Luther King, Jr. holiday. Plaintiff's counsel e-mailed the Court the next business day, January 18, 2022, detailing the dispute. The Court scheduled a status conference for January 21, 2022. Prior to the hearing, Plaintiff filed a Motion for Sanctions. (Doc. 31). The Court, after hearing from the parties, directed Plaintiff to file an amended motion for sanctions and ordered Defendant to respond within twenty-one days. (Doc. 32). The Court stayed discovery pending resolution of Plaintiff's motion for sanctions. (Doc. 49).

## II.    STANDARD FOR ISSUING SANCTIONS

"It is beyond peradventure that all federal courts have the power, by statute, by rule, and by common law, to impose sanctions against recalcitrant lawyers and parties litigant." Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1446 (11th Cir. 1985). Federal Rule of Civil Procedure 37 provides the district court with broad authority to control discovery, including imposition of sanctions. Fed. R. Civ. P. 37(b)(2); see also Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005) (explaining that the court's power to order sanctions arises from the court's inherent ability "to manage its own affairs and to achieve orderly and expeditious disposition of cases"). "Rule 37 sanctions are intended to prevent unfair prejudice

to the litigants and insure the integrity of the discovery process." <u>Gratton v. Great</u>

<u>Am. Commc'ns</u>, 178 F.3d 1373, 1374 (11th Cir. 1999).

Under Rule 37, a court may sanction a party who "fails to obey an order to

provide or permit discovery" by:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Rule 37 further mandates the payment of expenses relating to the

recalcitrant conduct of the offending party:

Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). "[A]n individual's discovery conduct should be found

'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if

reasonable people could differ as to the appropriateness of the contested action.'"
Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting
Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

## III.   DISCUSSION

Plaintiff contends Defense counsel engaged in sanctionable conduct during
the January 17, 2022 deposition of Defendant's 30(b)(6) witness. Plaintiff accuses
Defense counsel of improperly coaching the witness; preventing the witness from
fully answering questions; and ineffectively preparing the witness for the
deposition. Plaintiff further asserts that during the 30(b)(6) deposition she learned
Defense counsel withheld evidence and knowingly misidentified two witnesses
named in Defendant's initial disclosures. Finally, Plaintiff claims Defense counsel
improperly solicited business from two third-party fact witnesses. Plaintiff asks the
Court to impose sanctions against Defendant for the improper conduct of Defense
counsel and to compel proper future discovery.

### A.   Coaching the 30(b)(6) Witness

Plaintiff asks the Court to impose sanctions against Defendant based on
Defense counsel's improper coaching of the 30(b)(6) witness and his repeated
instructions for her not to respond to Plaintiff's questions. Plaintiff points to three
examples of Defense counsel's alleged misconduct.

The first example arose after Plaintiff's counsel posed the following question
to the witness:

> Has the School District since the commencement of this lawsuit now established some type of procedures in place to ensure that the system failure of not notifying eligible FMLA employees of their rights does not happen again?

(Reed Dep., p. 156).

> Defense counsel objected:

> Objection; form; I'm going to instruct the witness not to answer because this question deals with subsequent remedial measures which would not be a proper subject for discovery and would not be admissible anyways.

(<u>Id.</u>).

> Plaintiff's counsel responded:

> There's only three reasons he can tell you not to answer. That based on a court order, or based on any kind of attorney-client privilege, or where the court has actually -- there's some type of motion for protective order that's been filed. He hasn't done that. I'm not asking for any – whether something is allowed as evidence, that's something he and I need to argue before the Court before trial, say Judge we want to exclude this or we want to admit this.

> But now I am entitled to ask you all such facts unless it's confidential attorney-client communication which I'm not ask. . . . I'm asking you only facts that you as a School District have now implemented to ensure that system failure of not notifying eligible employees of their rights to take FMLA does not occur again in the future? What facts have you implemented?

(<u>Id.</u> at p. 156-57).

Defense counsel again objected to the form and relevance of the question and instructed the witness not to answer. (<u>Id.</u> at p. 157). Plaintiff's counsel briefly paused the deposition to provide Defense counsel "a few moments to take a break to really think about" his response. (<u>Id.</u>). She informed him that his conduct was

sanctionable and that she intended to file a motion for sanctions. (Id.). Defense counsel held fast to his position and again instructed the 30(b)(6) witness not to respond to the question. (Id. at p. 159, 164). The witness inevitably responded that she would not answer the question on the advice of her attorney. (Id. at p. 165).

Rule 30 governs the manner of conducting depositions and lodging objections. Rule 30(c)(2) provides all objections—"whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition"—must be stated concisely and in a nonargumentative, nonsuggestive manner. Fed. R. Civ. P. 30(c)(2). Once the objection is noted on the record, the "examination still proceeds; the testimony is taken subject to any objection." Id. A deponent may be instructed not to respond to a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Id. The court may impose an appropriate sanction—including reasonable attorney's fees and expenses—on any person "who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Plaintiff is correct that Defense counsel improperly instructed Defendant's 30(b)(6) witness not to respond to Plaintiff's counsel's line of questioning. It is undisputed that there was no protective order or any other order of the court in place limiting the testimony of the witness. Accordingly, the accepted course of conduct was for Defense counsel to articulate his objection and to permit the witness to respond. While vexatious, Defense counsel's insistence that the witness

not answer the question does not alone warrant sanctions. However, when taken together with the other offensive conduct described by Plaintiff, Defendant's repeated instruction to the witness to withhold an answer factors into the Court's ultimate decision to order the parties to retake the witness's deposition.

Plaintiff describes other conduct of Defense counsel that cumulatively impeded the fair examination of Defendant's 30(b)(6) witness. On two occasions, the witness answered a question posed by Plaintiff's counsel, paused, then continued her response. (Reed Dep., p. 241, 243). Following the witness's response, Defense counsel commented that there was no question pending. (Id.). Plaintiff asserts Defense counsel's interjection was an attempt to stop the witness from discussing a document it later became apparent had not been produced in discovery. (Doc. 41, p. 16). Plaintiff further contends Defense counsel intentionally made long-winded speaking objections that suggested an answer to the witness. This conduct both caused delay and interfered with the integrity of the deposition.

### B.   Withholding Evidence

Plaintiff next accuses Defendant of withholding evidence and/or manufacturing evidence beneficial to the defense. These records include documents testified to by Defendant's 30(b)(6) witness that were not produced in discovery, such as a letter purportedly written by Marcus Richardson, 2018-2019 earnings statements, and a cover letter to an absence comparator chart. Plaintiff states that toward the end of the 30(b)(6) deposition, Defense counsel "found" four undated, non-Bates stamped documents that also had never been produced.

Plaintiff found these documents suspicious based on their formatting. She requests Defendant be required to produce the documents in a native format so that Plaintiff may ascertain who created the documents and when. Plaintiff speculates there may be other documents that have not been produced or that have been produced in a format that protects the editing information.

Rule 26 requires parties to disclose a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 37 provides guidance for courts enforcing sanctions against parties who violate Rule 26. Fed. R. Civ. P. 37(c). Under Rule 37, if a party fails to provide information required by Rule 26(a), the party may not use that information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant has provided no justification for not providing these records. Defendant states only that it was an oversight. Under the circumstances presented, the Court finds the most appropriate remedy is to order Defendant to conduct a new electronically stored information ("ESI") search of Defendant's relevant electronic devices by using an ESI vendor to run the search. This vendor must work with Plaintiff's counsel to ensure proper search terms are being utilized. These documents, and all others, must be provided to Plaintiff in native format, and a relevancy and privilege log should be provided as necessary.

10

### C.   Unprepared Witness

Plaintiff asks the Court to sanction Defendant under Rule 37 for producing an unprepared 30(b)(6) witness. Plaintiff alleges the witness was unprepared to answer noticed topics. Plaintiff contends, for example, that despite proper notice of the topics that would be explored at the deposition, the witness was unprepared to answer responsively to questions posed about FMLA policies and legal compliance training. In response to other questions, the witness referred to documents that had not previously been produced to Plaintiff.

While there is no requirement that a corporate representative provide perfect testimony, it is apparent to the Court both from the deposition excerpts provided by Plaintiff and the argument offered by both parties that the 30(b)(6) deposition was replete with issues. The Court is convinced these problems were the result of intentional obstreperousness and lack of preparation by Defense counsel. The Court accordingly grants Plaintiff's motion to impose sanctions based on the culmination of Defense counsel's improper interjections and instructions to the witness, his failure to provide discoverable information, and his failure to adequately prepare the 30(b)(6) witness for her deposition. The Court orders the parties to reconvene for a second deposition of this witness. Defendant shall bear the expense of the initial deposition and the second deposition of the witness. These expenses include any witness fess, court reporter fees, the cost of both transcripts, and attorney's fees incurred by Plaintiff for both depositions.

###### D.    Misidentification of Witnesses

Plaintiff alleges Defendant impaired her from obtaining discoverable information by providing incorrect names of witnesses in the initial disclosures. Examples of these misnomers include:

- Marcus Robertson instead of Marcus Richardson

- Kylee Burns instead of Kylee Peck.

Kylee Burns served as the School District's Finance Director until October 2021. At the time of Defendant's initial disclosures on June 4, 2021, the witness was properly identified by that name. Sometime thereafter, she got married and changed her last name from "Burns" to "Peck". Defendant states that is why this witness is identified in several e-mails as both "Kylee B. Peck" and "Kylee B. Burns." Her e-mail signature also consistently identifies her as the Finance Director for Brooks County Schools. (Docs. 44-4; 44-10). It would have been helpful for Defendant to update Ms. Peck's information to avoid any uncertainty as to her identity. However, the Court is satisfied that there was no malicious intent on the part of Defendant but simply an oversight. Moreover, the Court believes there was enough information available to Plaintiff for her to surmise that "Kylee Burns" and "Kylee Peck" are the same individual.

The same is not true for Marcus Richardson. Defendant's initial disclosures provided neither a job title nor any identifying contact information for the witness identified as "Marcus Robertson." (Doc. 31-3). As Defendant points out, several witnesses mentioned Marcus Richardson, the Director of Special Education.

However, none of this testimony would alert Plaintiff that "Richardson" and "Robertson" were the same person as Defendant never associated the name with a job title or any other identifying information that might put Plaintiff on notice of the misidentification. Plaintiff moves the Court to preclude Defendant from calling Marcus Richardson as a witness at trial.

Failure to identify a witness as required by Rule 26(a) and (e) bars a party from offering that witness "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009).

It is undisputed that Defendant misidentified both Kylee Peck and Marcus Richardson in its initial disclosures and that Defendant failed to correct the error. Defendant has offered no justification, substantial or otherwise, for the failure to identify these witnesses properly. However, the error appears to be harmless. Through her own efforts, Plaintiff was able to clarify the identification of these witnesses and to conduct depositions prior to the expiration of discovery. The Court accordingly finds no basis to sanction Defendant and to exclude the testimony of the witnesses.

### E.    Improper Solicitation of Third-Party Witnesses

Plaintiff alleges Defense counsel obstructed her ability to informally interview non-party, former employees of the School District. According to Plaintiff, Defense

counsel offered to represent the witnesses, thereby impeding Plaintiff's ability to contact the individuals directly. Plaintiff claims Defense counsel's actions amount to improper solicitation of third-party fact witnesses in violation of Georgia Rule of Professional Conduct 7.3(d).

Georgia Rule of Professional Conduct 7.3(d) states, "[a] lawyer shall not solicit professional employment as a private practitioner for the lawyer, a partner or associate through direct personal contact or through live telephone contact, with a nonlawyer who has not sought advice regarding employment of a lawyer." According to Plaintiff, shortly after the January 21, 2022 status conference, Plaintiff's counsel contacted Marcus Richardson, Carrie Gay, and Kylee Burns for informal interviews and to discuss scheduling of depositions. Plaintiff's counsel reached Richardson and spoke with him briefly about noticing his deposition. A few days later, Plaintiff's counsel received an e-mail from Defense counsel informing her that he represented Richardson and Gay. Frustrated that she no longer had unfettered access to Richardson and Gay, Plaintiff's counsel acted quickly to interview Burns before Defense counsel could undertake representation of her as well.

The Court appreciates Plaintiff's counsel's frustration that one day she had access to these witnesses and the next she did not. However, there is no evidence of misconduct on the part of Defense counsel in this instance. Rather, both Gay and Richardson testified in the course of their depositions that they requested counsel's representation and that Defense counsel in no way solicited their

business. (Gay Dep., p. 11-13, 14-15; Richardson Dep., p. 12-13). There being no evidence of improper solicitation, the Court denies Plaintiff's request for sanctions on this basis.

F.   **Attorney's Fees**

Plaintiff's Counsel seeks attorney's fees for the cost of filing the motion for sanctions with the Court. "Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (citing 28 U.S.C. § 1927). Rule 37(b) authorizes courts to properly penalize uncooperative attorneys in discovery proceedings by requiring the payment of reasonable expenses including attorney's fees. Fed. R. Civ. P. 37(b). See Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1453 (11th Cir. 1985). "Permissible purposes of sanction include: (1) compensating the court and other parties for the added expense caused by the abusive conduct; (2) compelling discovery; (3) deterring others from engaging in similar conduct; and (4) penalizing the guilty party or attorney." Id.

Defense counsel has without question unreasonably complicated discovery in this case without justification.  Although Plaintiff was able to cure some of the roadblocks created by Defense counsel, the additional time and energy spent filing and arguing this motion, as well as the delay of litigation caused by Defense

counsel's obstreperous conduct, merit the payment of reasonable attorney's fees and costs incurred by Plaintiff in pursuit of this motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Sanctions. (Docs. 31, 35).  The Court **GRANTS** Defendant's Motion to Seal. (Doc. 44).

The Court **ORDERS** the following:

- Defendant shall conduct a new ESI search of all Defendant's relevant electronic devices, including the cell phone, laptop, and desktop computer for the School Superintendent and the School District's e-mail server for e-mails of all key witnesses. The parties will work with an external ESI search vendor. Plaintiff's counsel will provide all relevant terms for the search. All documents identified will be provided in their native format with full access to the metadata. A privilege log will be provided as necessary. Defendant shall incur the cost of this new ESI search.

- The parties shall agree on a date and time for a second deposition of Defendant's 30(b)(6) witness. However, the deposition should not commence until Defendant completes the new ESI search. Defendant shall ensure the witness is provided with all relevant documents and is prepared to speak on all noticed topics. The Court orders Defendant to pay the cost and fees of this deposition and the January 17, 2022 deposition, including

any witness fess, court reporter fees, transcripts fees, and attorney's fees incurred by Plaintiff.

- Defendant shall pay Plaintiff all reasonable costs and attorney's fees associated with the filing of Plaintiff's Motion for Sanctions.

- Plaintiff is directed to submit an itemization of all costs and fees for the Court's approval by not later than October 14, 2022.

The Court hereby lifts the stay of discovery. The parties are directed to submit a revised scheduling order by not later than October 14, 2022.

**SO ORDERED**, this 30th day of September, 2022.

*/s/ Hugh Lawson*
**Hugh Lawson, Senior Judge**

aks