**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **KRISTIE HILTON,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:20-CV-227 (HL) |
| **BROOKS COUNTY SCHOOL DISTRICT,** | |
| Defendant. | |

## ORDER

On September 30, 2022, the Court entered an Order (Doc. 56) granting in part and denying in part Plaintiff Kristie Hilton's Motion for Sanctions (Docs. 31, 35). Pursuant to Federal Rule of Civil Procedure 37(b), the Court awarded Plaintiff attorney's fees and costs associated with the filing of the motion for sanctions, along with the fees and costs for the initial and repeated deposition of Defendant's 30(b)(6) witness. The Court directed Plaintiff to submit an itemized list of these fees and costs by October 14, 2022. Plaintiff timely submitted the itemization (Doc. 58), which is now before the Court for review.

Plaintiff requests $6,472.25 in costs. That figure represents the cost for the court reporter and videographer for the original 30(b)(6) deposition, the cost for the court reporter for the sanctions hearing, and the estimated cost for the second 30(b)(6) deposition. The Court finds these expenses reasonable and awards Plaintiff $6,472.25 in costs.

Federal courts calculate an award of attorney's fees under Rule 37 by applying the lodestar method. See Smith v. Atlanta Postal Credit Union, 350 F. App'x 347, 349-50 (11th Cir. 2009). The "lodestar" is the product of the reasonable hours expended and a reasonable hourly rate. In re Home Depot Inc., 931 F.3d 1065, 1076 (11th Cir. 2019); see also Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) ("[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate.").

The first step in the lodestar calculation is to determine the reasonable hourly rate for which the fee applicant seeks attorney's fees. A "reasonable hourly rate" is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The "relevant legal community" is "the place where the case is filed." ACLU of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (internal quotation marks and citation omitted). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Id. The party seeking a fee award bears the burden of establishing that the requested hourly rate is commiserate with prevailing market rates. Norman, 836 F.2d at 1299. Regardless of any documentary or testimonial support for a particular hourly rate,

the court may nevertheless make an award based on its own knowledge and experience concerning reasonable and proper fees. Id. at 1303.

The second step in the lodestar calculation is a determination of the number of hours reasonably expended. Fee applicants must exercise "billing judgment," meaning that they must exclude from their fee application "excessive, redundant, or otherwise unnecessary" hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Plaintiff submits the Court should award a total of $22,167.50 in attorney's fees. That figure represents 26.6 hours of work by Senior Paralegal Michele Dobbs at a rate of $150.00 per hour; 6.0 hours of work by attorney Muna Claxton at a rate of $250.00 per hour; and 33.05 hours of work by attorney Julie Oinonen at a rate of $550.00 per hour. The Court finds the number of hours expended reasonable. The Court also finds reasonable the hourly rates associated with the work completed by Dobbs and Claxton. However, the Court does not in its judgment believe that Ms. Oinonen's rate of $550.00 is aligned with the prevailing market rate in Valdosta, Georgia, nor has Plaintiff submitted any information in support of this rate. Based on the Court's experience and knowledge of the legal market in Valdosta, the Court reduces Ms. Oinonen's hourly rate to $400.00 per hour. Multiplying the number of hours by the reasonable hourly rate as determined by the Court, the Court calculates a lodestar figure of $18,710.00.

The Court hereby **ORDERS** Defendant to remit to Plaintiff $6,472.25 in costs and $18,710.00 in attorney's fees. Defendant shall pay all fees and costs in full by not later than December 16, 2022.

**SO ORDERED** this 16th day of November, 2022.


_s/ Hugh Lawson_
**HUGH LAWSON, SENIOR JUDGE**

aks