**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**KRISTIE HILTON,**

       Plaintiff.

v.

**BROOKS COUNTY SCHOOLS,
*et al.*,**

       Defendants.

Case No. 7:20-CV-227 (HL)

**ORDER**

Before the Court is the Defendant Brooks County School District's ("District") 12(f) Motion to Strike Certain Allegations in the Plaintiff's First Amended Complaint. (Doc. 53.) For the following reasons, the District's motion (Doc. 53) is **DENIED.** Plaintiff Kristie Hilton's request for attorney's fees (Doc. 54) is also **DENIED.**

On November 10, 2020, Plaintiff Kristie Hilton filed a complaint against Brooks County Schools and Brooks County Board of Education. (Doc. 1.) Hilton moved for leave to file an amended complaint on December 15, 2021, seeking to "correct a misnomer regarding the name of a Defendant party" and to amend "a few facts to conform to the evidence that has been obtained during discovery." (Doc. 25 at 1.) Several of the facts that Hilton sought to amend related to "care for her disabled child's serious health condition." (Doc. 25 ¶ 24.) Hilton included a

proposed amended complaint with her motion for leave to amend.  (Docs.  25-1.)
The Defendants opposed Hilton's motion.  (Doc. 30.)

On July 6, 2022, the Court granted Hilton's motion for leave to file an amended
complaint.  (Doc. 50.)  In its order, the Court stated that "[u]pon review of the
proposed amendments to the facts in the Complaint, the Court does not find
anything that would substantially alter the claims or cause a delay in the
proceedings.  Plaintiff merely seeks to be as precise as possible."  (Doc. 50 at 5.)
Hilton filed her first amended complaint on July 31, 2022.  (Docs. 50; 51.)  The
District filed the present motion on August 26, 2022, seeking to strike sections of
Hilton's amended complaint that "pertai[n] to [Hilton's] minor child's
sickness/condition as a reason for her needing to take leave giving rise to causes
of action under the Family Medical Leave Act ("FMLA") and Americans with
Disabilities Act ("ADA")."  (Doc. 53 at 1.)  Specifically, the District seeks to strike
such allegations in Paragraphs 23, 25, 35, 47, 63, and 77 of Hilton's amended
complaint.  (*Id.*)

The District's legal arguments center on the standard for motions to amend
under Federal Rule of Civil Procedure 16(b).  The District contends, in new legal
arguments that it did not raise when opposing the motion to amend, that Hilton
did not have the good cause required under Rule 16(b) to amend her complaint
to include the facts at issue.  (Doc. 53 at 3).  Essentially, the District argues that
Hilton was improperly granted leave to amend.  The District's briefings provide no
legal support for the notion that a motion to strike is proper in this context, and it

is clear that a motion to strike is not the correct vehicle for the District's arguments.  Rather, the appropriate motion to address the Court's previous order granting leave to amend is a motion for reconsideration.   Accordingly, the Court construes the present motion as a motion for reconsideration.

Motions for reconsideration are subject to specific requirements, as they are rare motions that are not filed "as a matter of routine practice."  L.R. 7.6, MDGa. The subject matter of motions for reconsideration is limited, as reconsideration is only appropriate if "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or to prevent manifest injustice."  *Bryant v. Walker*, No. 5:10-cv-84 (CAR), 2010 WL 2687590 at *1 (M.D. Ga. July 1, 2010).

The District does not present any legal arguments that warrant reconsideration.  None of the District's present arguments were raised against Hilton's motion for leave to amend, despite the fact that the amended complaint is virtually identical to the proposed amended complaint. (Doc. 54 at 3.)  In explanation for its delayed arguments, the District admits that it only noticed that Hilton had changed the relevant facts when it was preparing to respond to the amended complaint.  (Doc. 53 at 4.)  In other words, the District failed to review the proposed amended complaint thoroughly before opposing Hilton's motion to amend.  This lack of diligence fails to meet any of the narrow standards required

to sustain a motion for reconsideration.  Accordingly, the District's Motion to Strike (Doc. 53) is **DENIED.**

Hilton requests an award of attorneys' fees in her response motion on the basis that the District's motion is frivolous and dilatory.  (Doc. 54 at 1.)  The Court does not find that attorneys' fees are warranted at this time.  Therefore, Hilton's request for attorney's fees (Doc. 54) is **DENIED.**

**SO ORDERED** this 10th day of March, 2023.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aem